Shackelford, J.,
delivered the opinion of the Court.
*648 The principle involved in this cause, arises upon a motion to dismiss the appeal, by the plaintiff in error. The facts necessary to be stated, to understand the principles involved, are as follows:
The plaintiff in error took an appeal to this Court, from a judgment of the Circuit Court of Williamson County, against him, for an unlawful detainer, on the 80th November, 1867 — gave the requisite bonds, etc. After the rise of the Court, he instructed the Clerk not to send up the record, and entered a dismissal in writing on the transcript that had been made out. From an affidavit filed in this cause at this term, by the plaintiff in error, it appears he surrendered the possession of the premises in dispute, and paid the costs of the Court below; tendered the defendant in error the amount of the judgment, for the. detention of the property, that had been rendered against him, which the defendant in error declined to receive. After the plaintiff in error had entered his dismissal upon the transcript, and instructed the Clerk not to send up the record to this Court, the defendant in error applied to the Clerk of the Circuit Court and obtained a transcript, and notified the plaintiff in error that he would file it and move for an affirmance of the judgment of the Circuit Court. At the December Term, 1867, of this Court, the plaintiff in error moved to dismiss the appeal, and the defendant in error for an affirmance of the judgment.
It is clear, upon principle, on the prayer for an appeal, and the execution of a bond on the rise of the Court, that Court had no longer jurisdiction of the case, *649 and the entry of dismissal of the canse, in that Court, was a nullity. The appeal in error in this cause, operated as an immediate transfer of the cause, upon the rise of the Courtj to this Court, and put an end to all further control of the inferior Court oyer it. It is made the duty of the Clerk of each of the several Courts of this State, by sec. 4041 of the Code, when, the cause is taken up by appeal, in the nature of a writ of error, to tho Supreme Court, to- make out a transcript of the record, and transmit it by mail to the Clerk of the Supreme Court of his division, within forty days after the entry of appeal, unless the entry is made within forty days of the regular term of the Supreme Court, or during said term, and then forthwith, and transmit without delay, to the Clerk of the Supreme Court.
If the party who has appealed, fails to prosecute his appeal in error, the judgment of the inferior Court remains suspended, and cannot be executed by the inferior Court, until action shall have been taken to remove the suspension. The plaintiff in error having refused to prosecute his appeal, the defendant in error had the right to file the record, and upon notice, move for an affirmance of the judgment: 2 Sneed, 1.
The plaintiff in error, having refused to prosecute his appeal, cannot defeat the defendant in error of his application for an affirmance, by dismissing the appeal in this Court. We think the provisions of sec. 3199 of the Code, which authorizes suits to be dismissed in term time, or out of term time, by writing, has no *650 application to cases of this character, as the filing of the record in this ease, is the act of the defendant in error, over which the plaintiff in error has no control.
We cannot notice the matters set out in the affidavit .of the plaintiff in error — they constitute no part of the record. It is, therefore, unnecessary for us to discuss the effect of a tender made; as appears from the affidavit, as the money was not paid into this Court.
The motion of the plaintiff in error will be overruled, and the judgment of the Court below, affirmed.